## HERRERA *v.* HEREDEROS DE OTERO.

### APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 780.—Resuelto en mayo 24, 1912.

NUEVO JUICIO—APELACIONES PROCEDENTES DE LAS CORTES MUNICIPALES—JURIS-
DICCIÓN DEL TRIBUNAL SUPREMO.—De acuerdo con el artículo 295 del Código
de Enjuiciamiento Civil, tal como fué enmendado en marzo 9, 1905, el Tribu-
nal Supremo sólo tiene jurisdicción para conocer de apelaciones en casos de
sentencias dictadas por las cortes de distritos conociendo en grado de apela-
ción de las de las cortes municipales, cuando la cuantía en litigio excede de
$300, y por consiguiente carece de jurisdicción para conocer de una orden
denegando la anulación de una sentencia y la concesión de un nuevo juicio,
en un caso procedente de una corte municipal por cuantía inferior a esa suma.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José A. Poventud.*

Abogado del apelado: *Sr. Francisco Jiménez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

En la Corte Municipal de Ponce se suscitó una contro-
versia entre Doña Rita Herrera y Don Olimpio Otero, hoy
sus herederos, para que no se aprobara la consignación de
setenta y seis pesos con setenta y cinco centavos que la pri-
mera hizo a favor del segundo, por sostener éste que la suma
consignada no era la que se le debía, sino la de ciento noventa
y cinco pesos con cuarenta y cinco centavos.

Fallado el caso por la Corte de Distrito de Ponce cono-
ciendo en grado de apelación de la sentencia que había dictado
la corte municipal de aquella ciudad, le fué presentada una
solicitud para que concediera un nuevo juicio y anulara la
sentencia que había dictado, moción que desestimó la corte
de distrito por su orden de 21 de octubre de 1911 y contra la
cual se ha interpuesto el presente recurso de apelación.

El artículo 295 del Código de Enjuiciamiento Civil, tal
como fué enmendado en 9 de marzo de 1905, página 213 de
las leyes de ese año, sólo nos concede jurisdicción para conocer
de apelaciones en casos de sentencias dictadas por las cortes
de distrito conociendo en grado de apelación de las de las

cortes municipales, cuando la cuantía en litigio excede de tres-
cientos pesos, y por consiguiente no la tenemos para conocer
de la orden que negó la anulación de tal sentencia y la con-
cesión de un nuevo juicio.

Esta misma cuestión la hemos resuelto en el caso de *Mora
v. Rosaly,* decidido en 26 de marzo de este año, y en el que
digimos lo siguiente que es aplicable a este caso:

"Se dirá tal vez que en el presente caso no se ha apelado de la
sentencia, sino de la resolución negando un nuevo juicio. No discu-
tiremos si la anterior razón tendría o nó fuerza legal en un juicio en
que la cuantía de la reclamación o de la sentencia excediera de 300
dollars; pero desde luego afirmamos que carece de toda eficacia en el
recurso sometido a nuestra consideración, en el que el valor de la
cosa reclamada y la cuantía de la sentencia no exceden de la ex-
presada suma. Si admitiéramos que tal recurso fuera procedente,
dejaríamos burlado el precepto del legislador contenido en la sección
2ª. del artículo 295 del Código de Enjuiciamiento Civil, porque en-
tonces, en vez de apelarse de la sentencia, se solicitaría un nuevo
juicio, se apelaría de la negativa del nuevo juicio y por ese medio
hábil podría llegarse a la revocación de una sentencia, que mediante
recurso de apelación contra la misma interpuesto, no podría ser revo-
cada por falta de jurisdicción de esta Corte Suprema."

En vista de lo expuesto carecemos de jurisdicción para
conocer de esta apelación y debe desestimarse el recurso in-
terpuesto.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados MacLeary, Wolf y del Toro.